IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**RACHEL JETT,**
   **Plaintiff,**

vs.                 Civil Action No.: 2:11-cv-00793

**THE CITY OF MONTGOMERY,**
a West Virginia municipal corporation; and
**CONRAD M. CARPENTER,,** individually and in his
former capacity as a City of Montgomery Police
Officer,

   **Defendants.**

## COMPLAINT

  This complaint, brought pursuant to 42 U.S.C. Section 1983, 1985 & 1988, the Fourth and Fourteenth Amendments to the United States Constitution, the West Virginia Constitution, Statutes and common law, arises out of the Defendants' unlawful search of the plaintiff's person on or about October 26, 2009 in the City of Montgomery, Fayette and Kanawha Counties, West Virginia, within the Southern District of West Virginia.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343.

## PARTIES

1. The Plaintiff at all times relevant to this Complaint was a resident of Fayette County, West Virginia, within the Southern District and is female.

2. Defendant Carpenter, at all times relevant to this complaint, was a police officer for the City of Montgomery Police Department acting under the color of law and within the scope of his employment. Said Defendant is sued in his individual and official capacities.

3. Defendant City of Montgomery is a municipal corporation existing under the statutes and laws of the State of West Virginia and is a political subdivision of the State of West Virginia.

## FACTS

4. The Plaintiff incorporates by reference paragraphs 1-3, supra.
5. On or about the 26th day of October 2009, defendant Carpenter, while on duty as a Montgomery police officer, pulled the Plaintiff's car over in Montgomery on the pretext of a traffic violation. In an affidavit later used to obtain a search warrant for a third party's residence, Carpenter explained that he had been following this vehicle for some distance because an occupant of the car had come from inside a residence, located at 151 6th Avenue in Montgomery, of which Carpenter claimed to be suspicious. Carpenter claimed that the vehicle was stopped for a valid traffic violation, but no traffic citation was issued.
6. Carpenter proceeded to search Plaintiff's vehicle, her purse, and person, without a warrant, exigent circumstances, or consent. During this illegal search, defendant Carpenter ordered the Plaintiff to pull out her bra and shake her breasts. At no time did he seek to obtain the assistance of a female officer.

## STATE LAW CLAIMS
## COUNT I - -CONSTITUTIONAL TORT

7. Plaintiff hereby realleges and incorporate by reference each and every allegation made in paragraphs 1 through 6 of this **COMPLAINT**.
8. Count I alleges a constitutional tort action under the West Virginia Constitution, pursuant to the common law of West Virginia.
9. The actions of Defendant violated the constitutional rights guaranteed to plaintiff under Article III, Sections 6 of the West Virginia Constitution, which incorporates the constitutional rights guaranteed to Plaintiffs under the Fourth and Fourteenth Amendments to the United States Constitution, inter alia.
10. The actions of Defendant Carpenter were done in bad faith, were done maliciously, and were in violation of clearly established law, or in a wanton or reckless manner.
11. As a proximate result of Defendant's actions, plaintiff sustained mental and emotional damages, and suffered embarrassment, humiliation, annoyance,

inconvenience, deprivation of liberty and suffered otherwise, and is entitled to recover damages for the same.

## COUNT II - -SEX DISCRIMINATION UNDER THE WEST VIRGINIA HUMAN RIGHTS ACT

12. Plaintiff realleges and incorporates by reference paragraphs 1-11 as though fully set forth herein.

13. The West Virginia Human Rights Act, W.Va.Code §§5-11-1 through -19, and the attendant regulations, W.Va.CSR §§77-1-1 through 77-8-15, prohibit discrimination against any person based upon the person's sex and prohibits sexual harassment.

14. Defendants are covered by the West Virginia Human Rights Act.

15. Defendant Carpenter's actions in requiring the Plaintiff to shake her breasts was improperly motivated by the Plaintiff's gender and is in violation of W.Va. Code §5-11-9-(7)(A).

16. As a proximate result of Defendants' actions, in violation of the West Virginia Human Rights Act, Plaintiff sustained physical pain and suffering, mental and emotional pain and suffering, embarrassment, humiliation, and loss of self esteem attorneys' fees and costs incurred in this litigation, which are recoverable under the West Virginia Human Rights Act; and other consequential damages for which Plaintiff deserves to be compensated.

17. The actions of Defendants against Plaintiff were reprehensible, willful and wanton, malicious, and in blatant and intentional disregard of the rights owed to Plaintiff, thereby justifying an award of punitive damages, to the extent that such damages are covered by Defendants' applicable insurance coverage.

## COUNT III–VICARIOUS LIABILITY

18. Plaintiff incorporates herein by reference the allegations contained in Paragraph Nos. 1 through 16 of this complaint as if re-stated herein verbatim.

19. Defendant City of Montgomery has the authority to formulate, implement, and administer the policies, customs, and practices of Defendant City of Montgomery, and the actions of Defendant City of Montgomery's agents and employees, hereinbefore designated as Defendant Carpenter, represent the official policy of Defendant City of Montgomery and/or subject the defendant City of Montgomery to vicarious liability based upon the employee relationship.  Moreover, the City of Montgomery and it's executive officers have shown a predisposition and disregard for the rights and privileges of it's citizenry and those unfortunate individuals who happen to traverse the city limits.  Upon information and belief the administration of the Police Department of the City of Montgomery authorized and directed the means of search utilized herein as a policy matter, and routinely failed to provide a female police officer to conduct such search, if warranted.

20. As a proximate result of Defendant's actions as aforesaid, plaintiff sustained mental and emotional damages, and suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty and suffered otherwise, and are entitled to recover damages for the same.

## COUNT IV - - NEGLIGENCE

21. Plaintiffs hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 20 of this COMPLAINT, as if re-stated verbatim herein.

22. Defendant City of Montgomery failed to exercise reasonable care in the hiring, retention, training, and/or supervision of their employee, defendant Carpenter.

## COUNT V - - OUTRAGEOUS CONDUCT/INTENTIONAL INFLICTION

23. Plaintiffs hereby realleges and incorporate by reference each and every

allegation made in paragraphs 1 through 22 of this COMPLAINT, as if restated herein verbatim .

24. The actions of individual defendant Carpenter as aforesaid were outrageous, constitute the intentional inflection of mental, physical and emotional distress, were reprehensible, fraudulent, wilful and wanton, malicious, and in blatant and intentional disregard of Plaintiff's rights, thereby justifying an award of punitive damages.

25. As a proximate result of Defendant's actions as aforesaid, plaintiffs sustained mental and emotional damages, and suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty and suffered otherwise, and are entitled to recover damages for the same.

26. All causes of action complained of herein against the municipal defendant seek only to recover to the extent said municipal defendants are covered by liability insurance and do not seek to recover taxpayer payments.

## FEDERAL LAW CLAIMS

## COUNT 1 - - ILLEGAL SEARCH COGNIZABLE UNDER 42 U.S.C. 1983

27. The Plaintiffs incorporate herein by reference paragraphs 1-20 above.

28. No objectively reasonable police officer would have believed, based upon the actual facts of the case, that the search in this case was valid , reasonable and in good faith.

29. Said defendant's actions were objectively unreasonable, unlawful, unwarranted, and in violation of the said Plaintiff's clearly-established procedural and substantive rights, of which a reasonable person should have known, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and its counterparts in the West Virginia Constitution. Said Defendants' actions were willful, wanton, intentional, malicious and done with callous and reckless disregard for the Plaintiff's constitutional rights. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for discovery.

## COUNT II - - MONELL AND SUPERVISORY LIABILITY COGNIZABLE UNDER 24 U.S.C. 1983

30. The Plaintiff, by reference, incorporates paragraphs 1-29 above.

31. The above-described deprivation of Plaintiff's constitutional rights were caused by implementation of customs, policies or official acts of Defendant City of Montgomery to wit: the failure of said Defendants to adequately hire, train, supervise, and discipline its police officers regarding the circumstances which constitute probable cause for a search and obtaining a search warrant.

32. Said policy, practice or custom was the direct and proximate cause of the injuries and Constitutional violations which the Plaintiff suffered.

## COUNT III - - ARBITRARY AND UNREASONABLE STATE CONDUCT PURSUANT TO THE FOURTEENTH AMENDMENT COGNIZABLE UNDER 42 U.S.C. SECTION 1983

33. The Plaintiffs by reference incorporates paragraphs 1-26 above.

34. Defendants unlawfully stopped the Plaintiff's vehicle and searched the Plaintiff's person, vehicle, and belongings. Said actions were wholly arbitrary, unreasonable and malicious thus constituting a violation of the Plaintiff's clearly established substantive and procedural due process rights protected by the Fourteenth Amendment.

35. Damages sought herein against Defendant City of Montgomery and Defendant Carpenter in his individual capacity are sought only to the extent of liability coverage by insurance.

## **PRAYER**

WHEREFORE, based on the above stated facts, the Plaintiff respectfully requests that this Honorable Court award:

1. Damages against Defendants in an amount to be determined at trial which will fairly and reasonably compensate the Plaintiff for:

a. Past, present and future economic damages;

b. Past, present and future pain and suffering;

c. Loss of enjoyment of life;

d. Annoyance aggravation and inconvenience;

e. Psychological, emotional distress; and

f. Any other compensatory damages to be proven at trial;

g. Punitive damages against the individual defendants in an amount to be determined at trial;

h. Reasonable attorney fees and costs;

I. Any other relief that this Court deems just and equitable;

j. All other damages provided by law;

k. Injunctive relief requiring appropriate training, supervision and discipline in order to remedy all constitutional deprivations which the Plaintiffs suffered; and

l. Declaratory judgment relief establishing the Defendants' above-described conduct violate the Plaintiff's clearly established constitutional rights.

**JURY TRIAL DEMANDED**

**RACHEL JETT**

by Counsel

  /s/Michael T. Clifford  (WVSB: 750)
723 Kanawha Boulevard East
Suite 1200 Union Building
Charleston, WV 25301
304-720-7662
304-720-7753fax
Mclifherd@aol.com

  /s/Richelle K. Garlow (WVSB: 9662)
723 Kanawha Boulevard East
Suite 1200 Union Building

Charleston, WV 25301
304-720-7660
304-720-7753 fax
RichelleGarlow@frontier.com